UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-30034
Summary Calendar
_____


GEORGE ROGERS CLARK, JR.,

Plaintiff-Appellant,

LOUISIANA WORKERS' COMPENSATION
CORPORATION,

Intervenor,

versus

EXXON CORPORATION,

Defendant-Appellee.


_____

Appeal from the United States District Court for the
Middle District of Louisiana
(94 CV 124)
_____

(August 23, 1995)


Before GARWOOD, HIGGINBOTHAM and DAVIS, Circuit Judges.[*]

GARWOOD, Circuit Judge:

Plaintiff-appellant George Rogers Clark, Jr. (Clark) appeals

the magistrate judge's denial of his motion for leave to file an

_____

[*]    Local Rule 47.5 provides:  "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion
should not be published.

amended complaint. Agreeing with the magistrate judge that, given the facts of this case, the proposed amendment to the complaint would not state a cause of action under La. R.S. article 2315.3 and that amendment would therefore be futile, we affirm.

### Facts and Proceedings Below

Clark was an employee of C.M. Penn & Sons, which had been hired by defendant-appellee Exxon Corporation (Exxon) in February 1993 to transport waste water by truck from Exxon's Chemical Americas plant in Baton Rouge, Louisiana, to a water treatment facility.[1] On February 9, 1993, Clark was dispatched to pick up waste water from the Baton Rouge plant. At the plant, an unidentified Exxon employee directed Clark to run the hose from the waste water tank into the tank of the transport truck through a port on top of the truck.[2] Clark followed these instructions, running the hose into the port and placing the domed lid back on top of the hose to hold it steady.

Once the pump was activated and began discharging waste water into the truck, an Exxon employee directed Clark to climb onto the truck and visually monitor the progress of the operation. Clark climbed the ladder on the side of the truck's tank trailer and lifted the domed lid on the port. When he did so, the hose flew

---

[1] Although the waste water was usually transported to the treatment facility by pipeline, in February 1993 the pipeline was temporarily shut down for repairs.

[2] Although the usual procedure for transferring the waste water was to attach the hose to an in-take valve on the side of the truck, this procedure was not followed for some unidentified reason.

2

out of the port and began whipping around.  Clark threw his hands up and lost his grip on the ladder, falling nine and a half feet to the ground and landing on his left heel.  As a result of the fall, Clark fractured his left femur and suffered injuries to his left heel, foot, knee, and shoulder, as well as a ruptured cervical disk and other physical injuries.

Clark and his wife filed suit against Exxon on January 28, 1994, in Louisiana state court.  Exxon removed to the district court below on the basis of diversity of citizenship on February 2 and answered the complaint.  Both parties consented to have all proceedings heard and decided by a magistrate judge.  Exxon filed a motion for summary judgment on August 26, 1994, arguing that under Louisiana law it was Clark's "statutory employer."[3]  Clark opposed the motion.  On November 9, the magistrate judge granted Exxon's motion for summary judgment, finding that Exxon was Clark's statutory employer at the time of the accident and that therefore Clark was limited to his workers' compensation remedies.

On October 20, 1994, before the magistrate judge ruled on the summary judgment motion, Clark filed a motion for leave to amend his complaint to add a claim for punitive damages under La. R.S. article 2315.3.  Clark pointed out that the Louisiana Supreme Court

---

[3]     Under the Louisiana workers' compensation laws, the determination whether a principal is a statutory employer, entitled to tort immunity as to the contractor's employees, is guided by the so-called integral relation test, under which the court "ask[s] whether the contract work being performed is integral or essential to the principal's trade, business, or occupation." *Morgan v. Gaylord Container Corp.*, 30 F.3d 586, 589 (5th Cir. 1993).

had recently held that employees receiving workers' compensation benefits were not barred from seeking damages from their employer under article 2315.3. *Billiot v. B.P. Oil Co.*, 645 So.2d 604, *modified on application for reh'g*, 645 So.2d 620 (La. 1994). The magistrate judge, however, denied the motion for leave to amend on December 8, 1994, holding that the amendment would be futile because the proposed amended complaint did not state a cause of action under article 2315.3. Final judgment was entered against Clark on January 19, 1995, and Clark filed a timely notice of appeal.

## Discussion

On appeal, Clark does not challenge the magistrate judge's determination that Exxon was his statutory employer under Louisiana law; he contests only the denial of his motion for leave to amend the complaint to state a claim for exemplary damages under article 2315.3. Article 2315.3 provides for the award of exemplary damages "if it is proved that plaintiff's injuries were caused by the defendant's wanton or reckless disregard for public safety in the storage, handling, or transportation of hazardous or toxic substances." In *Billiot*, the Louisiana Supreme Court held that the so-called remedy exclusion rule of the Louisiana Workers' Compensation Act, under which the benefits provided for an employee under the Act for work-related injury are exclusive of all other rights and remedies against the employer, did not preclude a plaintiff from seeking exemplary damages from his employer under article 2315.3. *Billiot*, 645 So.2d at 608-16. Thus, even though

4

Clark, as Exxon's statutory employee, is precluded from seeking compensatory tort damages against Exxon, under *Billiot* he could recover exemplary damages if he can otherwise satisfy the requirements of article 2315.3.

It is clear, however, that Clark's proposed amended complaint does not state a cause of action under article 2315.3. The decision to deny leave to amend is reviewed only for an abuse of discretion. *Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991). Although "leave shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), a grant of leave to amend after answer has been filed is not automatic. *Davis*, 961 F.2d at 57. In deciding whether to grant leave to amend, the trial court should "consider[] a variety of factors, such as undue delay, bad faith, undue prejudice to the opposing party by allowing the amendment, and futility of the amendment." *Id.* Although Clark argues that there has been no undue delay, bad faith, or prejudice to the opposing party here, and Exxon concedes as much, we agree with the magistrate judge that allowing the proposed amendment in this case would be futile.

Several factors operate together to compel our decision. We note first, as did the magistrate judge, that the proposed amended complaint never expressly alleges that the waste water being pumped into the truck was a "hazardous or toxic substance," as required by article 2315.3. Except in paragraph 10, asserting liability under article 2315.3, in which Clark makes a conclusory statement that he is entitled to relief "due to defendant's wanton reckless disregard

5

for Mr. Clark's safety in the transportation, storage or handling of hazardous or toxic substances," the complaint alleges only that the water was a "chemical waste."  We cannot agree with Clark that the term chemical waste "denotes the probability that in fact the waste was toxic and/or hazardous"; indeed, Exxon offered summary judgment proof, in the form of an affidavit from the chairman of the committee that investigated Clark's accident, averring that the water pumped from the Baton Rouge plant, although containing minimal amounts of some hydrocarbons, is neither toxic nor hazardous.

Nor does the proposed amended complaint contain any clear allegation that Exxon acted with the requisite willfulness under the statute.  Again, the assertion of "wanton reckless disregard" in paragraph 10 does no more than mimic the language of the statute, and paragraph 10 does not allege any particular act or omission of Exxon.  The only specific actions or inactions of Exxon alleged in the proposed amended complaint are there characterized in terms of negligence or strict liability.  For an act of alleged negligence to rise to the level of wanton or reckless conduct under article 2315.3, a plaintiff must show that "the alleged acts and omissions of negligence were accompanied by a conscious indifference to consequences amounting almost to a willingness that harm to the public safety would follow." *Griffin v. Tenneco Oil Co.*, 531 So.2d 498, 501 (La. App. 4th 1988).  Such a state of mind the proposed amended complaint does not expressly allege.

However, the really significant shortcoming of the proposed

6

amended complaint, and the one we think decisive, is the complaint's failure to allege wanton or reckless disregard for "public" safety. Paragraph 10, on which Clark relies to claim that he has properly alleged the hazardousness and recklessness elements of article 2315.3, specifically states that Exxon acted with "wanton reckless disregard for *Mr. Clark's safety* in the transportation, storage or handling of hazardous or toxic substances." (Emphasis added). Article 2315.3, however, provides for liability only when the defendant acts wantonly or recklessly with regard to the *public's* safety. It is clear from the proposed amended complaint that Clark is not seeking damages for an alleged threat to the public safety but for the damages that he personally sustained as a result of the accident.

Clark attempts to circumvent this deficiency in his pleadings by arguing that he is "both a member of the public and representative of the public that was injured." The former assertion is simply unavailing for Clark; the clear language of the statute requires that the defendant have shown "disregard for the public safety," not merely disregard for any particular member of the public's safety. The latter assertion is related to Clark's claim that he was improperly denied further discovery to determine *whether* the release of the waste water created a threat to the public safety. This argument ignores that the proposed amended complaint does not in any event properly allege a wanton or reckless disregard of public safety. Moreover, Clark never made a motion below requesting further discovery and therefore has waived

7

any right to complain of its denial on appeal. No facts alleged in the proposed amended complaint suggest any danger to, much less wanton or reckless disregard of, public safety, and the complaint does not contain any even conclusory allegation to that effect. Clark was an Exxon statutory employee working on Exxon plant premises (not alleged to be open to the public), and there is no allegation that anyone else (save possibly one Exxon employee) was in the vicinity; danger to Clark is not equivalent to danger to the public.

Given these circumstances, the magistrate judge did not abuse his discretion in denying the motion for leave to amend. Exxon also argues that Clark's complaint suffers from the further deficiency of failing to show a nexus between the injury suffered and the allegedly hazardous or toxic nature of the substance. In *Billiot*, the Louisiana Supreme Court held that no such nexus was required, *Billiot*, 645 So.2d at 616-18, but on application for rehearing, the court withdrew that portion of its opinion as unnecessary to the resolution of the case. *Id.* at 620. Because we need not resolve this issue to decide this case, we express no opinion regarding it.[4]

### Conclusion

For these reasons, the judgment is AFFIRMED.

---

[4] This issue has divided the Louisiana appellate courts. *Compare Broussard v. Rogers*, 628 So.2d 1351, 1353 (La.App. 5th 1993) (nexus required), *with Tillman v. C.S.X. Transportation Co.* 617 So.2d 46, 48-49 (La.App. 4th 1993) (no nexus required).

8